James P. McLane
Hunt, Kaiser, Aranda & Subach
1035 S. York Road
Bensenville, Illinois 60106
Tel: (630) 860-7800
Fax: (603) 860-8283

Justin Brooks
Jan Stiglitz
Alexander Simpson
California Innocence Project
225 Cedar St.
San Diego, CA 92101
Tel: (619) 515-1525
Fax: (619) 615-1425

Attorneys for Petitioner
**MARILYN MULERO**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MARILYN MULERO,**<br>Petitioner,<br>v.<br>**CAROLYN TRANOSCO,**<br>Respondent. | No. 09 C3146<br>Superior Court No. 92-CF-13088<br>Supreme Court No. 92-CR-13088-02<br><br>**REPLY TO RESPONDENT'S OBJECTION TO PETITIONER'S MOTION TO STRIKE** |

Petitioner MARILYN MULERO, by and through her attorneys, Justin Brooks, Jan Stiglitz, and Alexander Simpson, of the California Innocence Project, and attorney James McLane, hereby make this Reply to Respondent's Objection to Petitioner's Motion to Strike Respondent's Answer, filed with this Court on October 21, 2009.

Respondent has claimed that it need not address the factual allegations raised in the Petition in its Answer, and has objected to Petitioner's Motion to Strike. In its Objection, Respondent cites two cases for this proposition: *Ebert v. Clarke*, 320

F.Supp.2d 902 (D. Neb. 2004); and *United States ex rel. Emerson v. Warden, Pontiac Corr. Ctr.*, No. 93 C 4650, 1994 WL 110154 (N.D. Ill. 1994). Contrary to Respondent's objections, Petitioner asserts these cases should not control the Court's determination, and requests that the Court order Respondent's Answer stricken.

To begin, it is important to note the context of the cases Respondent cites in its Objection. The first, *Ebert v. Clarke*, involved a *pro se* petitioner who objected to the respondent's filing of a "limited answer" consisting of "a short statement of facts, a three-page legal argument, and a concluding paragraph" explaining why the petitioner's claim was time-barred. *Ebert v. Clarke, supra*, 320 F.Supp.2d at 904. The respondent filed the "limited answer" after requesting permission from the magistrate judge to limit its response to an issue relating to the statute of limitations under AEDPA. *Id.* at 903. The magistrate granted respondent's request to file a "limited" answer "in the interests of judicial efficiency." *Id.* at 904. The petitioner in *Ebert* objected to the filing of the "limited answer" because he was greatly concerned that the magistrate judge's decision to allow the respondent to file a limited answer addressing only the procedural issue of the statute of limitations, and not addressing the merits of his claims, served to delay the resolution of his case. *Id.*

The district court disagreed with the petitioner, finding that is was

> "in the interests of judicial efficiency" to permit the respondent to raise the procedural issue of the statute of limitations before responding to the merits of the petition. While the petitioner argues that the petition was timely filed under the statute, and also that equitable tolling should apply, *no further assessment of the merits or equity of the statute of limitations defense was required before granting the motion.*

*Id.* at 905 (emphasis added).

Respondent has taken language from a footnote in *Ebert*, wherein the district court stated that "the respondent in answering would not be required to admit or deny each of the petitioner's factual allegations," without placing the language in its proper

context. *Id.* at 904 n.4. The district court was considering whether the filing of a limited answer served "the interests of judicial efficiency" by allowing the respondent to address a potential procedural default without requiring the parties to address the merits. *Id.* at 905. The district court found it more efficient to consider the procedural default first and the merits (if necessary) second.

Thus, the language upon which Respondent in the instant case relies is not persuasive. The district court in *Ebert* did not require the respondent to admit or deny each factual allegation of the petition for the simple reason that the respondent was not responding to *any* of the factual allegations in the petition. Indeed, the district court made it clear that it did not consider Respondent's response to be an answer but more of a motion for summary judgment. *Id.* at 905. As such, the respondent in *Ebert* was not required to respond to the petitioner's factual allegations because the "limited answer," or motion for summary judgment, dealt solely with the procedural time-bar.

The grounds for Petitioner's Motion to Strike could not be more inapposite to the facts in *Ebert*. Petitioner is not concerned that Respondent's Answer has delayed her case, and did not file the Motion to Strike to address a perceived issue of delay. Rather, it is Petitioner's assertion that Respondent's Answer does not properly address the factual allegations of the Petition, and the form of the Answer has made it difficult, if not impossible, to determine which factual allegations are still in dispute, and what issues she must address in her Traverse.

As she stated in her Motion to Strike, Petitioner has raised sixty-five separate factual allegations in her Petition; Respondent's Answer contains sixteen allegations that are wholly unresponsive to the allegations in the Petition. (Petition, pp. 1-15; Answer, pp. 1-12). For this reason, Petitioner believes the "interests of judicial efficiency" would be best served by a responsive Answer, one that addresses the

factual allegations in the Petition. This would ensure Petitioner's Traverse properly addresses and clarifies the factual allegations still in dispute, and would ensure that this Court can properly and clearly rule on the merits of the claims of both Petitioner and Respondent. It is this concern – to preserve judicial efficiency – that was of concern in *Ebert* and is of concern to Petitioner, and this concern is the primary reason Petitioner has asked this Court to strike Respondent's Answer.

The second case Respondent cites, *United States ex rel. Emerson v. Warden, Pontiac Corr, Ctr.*, No. 93 C 4650, 1994 WL 110154 (N.D. Ill1994), is a two-page memorandum order entered by the district court to "clarify this court's procedure in dealing with habeas petitions." *Id.* at *1. At issue in the case was the status of a deposition of a witness; the petitioner had delayed deposing the witness because the court had characterized the respondent's answer as a "motion to dismiss," and the petitioner deferred the deposition until the court ruled on the "motion." *Id.* at *2. The district court explained that the labeling of the answer as a "motion to dismiss" was erroneous, and permitted the petitioner to conduct the deposition before ruling on the respondent's answer. *Id.* at *2.

Respondent cites to a footnote in *Emerson* for the proposition that "while admission or denial" of each factual allegation in a petition "is a standard requirement in traditional civil litigation, it is not in habeas litigation." *Id.* at *2 n.1. However, the district court in Emerson went on to point out that "As long as [the answer] 'respond[s] to the allegations of the petition,' as it does in this case, it has satisfied the general requirement of Habeas Corpus Rule 5." *Id.* Petitioner's claim in the instant case is that Respondent's Answer is not responsive to the allegations of the Petition and as such should be stricken.

While the language in a footnote of the memorandum opinion in *Emerson* seems to propose that a factual admission or denial to the allegations in the petition

may not be necessary, an answer must still respond to the allegations of the petition in order to Comport with Rule 5. Again, in her Petition, Petitioner has alleged sixty-five factual allegations, and Respondent's Answer does not address them in a way that allows Petitioner and this Court to know what factual issues are still in dispute. Respondent can not be said to have fully responded to the allegations in the Petition if they have ignored them. In order for Petitioner to file a responsive Traverse, and in order for this Court to effectively address the merits of the parties' claims, Respondent must file an Answer that is responsive to the Petition.

Additionally, Respondent has cited the Advisory Committee notes to Rule 5(b), which state, the functions of an answer include "uncoverer[ing] quickly the disputed issues" and "demonstrat[ing] that the petitioner's claim is wholly without merit." Rule 5, Advisory Committee Notes. In its Answer, Respondent has not uncovered the disputed issues. Respondent's failure to address the disputed issues is precisely the reason the Petitioner has moved to strike Respondent's Answer. Respondent has alleged that "some of the allegations upon which Petitioner's current ineffective assistance of counsel claim is based are procedurally barred" (Answer, p. 9). Respondent has not specified which of the factual allegations are procedurally barred and thus in dispute. Without a thorough understanding of which factual allegations the Respondent has disputed, Petitioner is unsure of whether those unaddressed allegations are taken as true or must be further proved in the Traverse.

Petitioner wishes to stress that she has filed her Motion to Strike not to make these proceedings more difficult for the Court or for Respondent. Instead, Petitioner has asked this Court to strike Respondent's Answer to make the Court's determination of Petitioner's claims more easily and effectively. Perhaps most importantly, however, Petitioner asserts an Answer responsive to Petitioner's factual allegations makes it much easier for this Court to determine whether an evidentiary

hearing should be ordered. Without knowing what specific factual allegations are still in dispute, this Court may have difficulty in determining whether such a hearing would be helpful or even necessary.

This Court has graciously allowed Petitioner to file a Traverse to reply to Respondent's Answer. As noted in her Motion to Strike, Petitioner is mindful of the strictures of 28 USC 2248, which states that

> [t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, *shall be accepted as true* except to the extent that the judge finds from the evidence that they are not true.

(28 USC 2248 (emphasis added)). This places the burden on Petitioner to ensure each factual allegation of the Answer is addressed in the Traverse; if the allegations are not addressed, Petitioner suffers the consequences. With this in mind, Petitioner wishes to present to this Court a Traverse that clarifies and sharpens the issues in dispute and allows this Court to make a proper determination both on the necessity of an evidentiary hearing and on the merits of Petitioner's claims. Without a responsive Answer, Petitioner's concern is that the factual allegations may not be properly resolved to the satisfaction of the Court.

For the foregoing reasons, Petitioner respectfully requests that this Court strike Respondent's Answer and direct Respondent to file a new Answer which addresses each allegation presented in the Petition.

Respectfully submitted,

Dated: 11/6/09

ALEXANDER SIMPSON
Attorney for Petitioner
**MARILYN MULERO**

## DECLARATION OF SERVICE

**Case Name: MARILYN MULERO v. CAROLYN TRANOSCO**
**Case No.:** 09 C3146

I declare:

I am employed by California Western School of Law, which is the office of a member of the Bar of this Court at which member's direction this service is made. I am eighteen years of age or older and not a party to the within entitled cause. I am familiar with the business practice at California Western School of Law for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at California Western School of Law, is deposited within the United States Postal Service that same day in the ordinary course of business.

On November 6, 2009, I placed a copy of the attached:

- **REPLY TO RESPONDENT'S OBJECTION TO PETITIONER'S MOTION TO STRIKE**

in the internal mail collection system at California Western School of Law, located at 225 Cedar St, San Diego, California, for deposit in the United States Postal Service that same day in the ordinary course of business, in a sealed envelope, postage thereon fully prepaid, addressed as follows:

Gobi Kahsyap
Assistant Attorney General
100 West Randolph St., 12th Floor
Chicago, IL 60601-3218

Marilyn Mulero, B21346
C-9, Rm 15
P.O. Box 50001
Dwight Correctional Facility
Dwight, IL 60420

I declare under penalty of perjury the foregoing is true and correct and that this declaration was executed on November 6, 2009 in San Diego, California.

Nikki Hlavin